REQUESTED BY: Senator Emil Beyer, Jr. Nebraska State Legislature Unicameral, State Capitol Lincoln, Nebraska 68509
Dear Senator Beyer:
In your letter to this office, you requested our opinion as to the constitutionality of certain proposed legislation regarding the Nebraska State Racing Commission. We have reviewed the draft of your proposed bill, and our conclusions are set forth below.
By a letter dated December 31, 1980, this office informed the Nebraska State Racing Commission that, under Neb.Rev.Stat. § 2-1213 (Supp. 1980), there was no specific statutory authority for its practice of charging fees for the registration of Nebraska-bred horses, nor was there statutory authority for its delegation of the registration function to a private organization. From your letter, we understand that the proposed bill which is the subject of this opinion is designed to correct the problems which we pointed out to the State Racing Commission.
To facilitate our discussion of your proposed legislation, we quote your proposed addition to the Nebraska statutes in its entirety:
 The State Racing Commission may delegate to certain organizations the Commission's powers and duties with respect to establishing and maintaining a Nebraska Thoroughbred Registry. The State Racing Commission may establish a registration fee of not more than $10 nor less than $5 to cover the costs of establishing and maintaining the Nebraska Thoroughbred Registry. If the Commission delegates its duties with respect to such registry to an organization, such organization may collect such fees to reimburse its costs. Any decision or action of the organization may be appealed to the Commission or reviewed by the Commission on its own initiative.
We have reviewed this proposed statutory change, and we find several potential constitutional problems with the bill as it is presently drafted.
The problems which we perceive with the language in the proposed bill all involve the constitutional permissibility of the delegation of legislative authority to an administrative agency, and the further delegation of legislative authority by that agency to a private organization. Under our Nebraska Constitution, the legislative power of the state is vested in the Legislature and cannot lawfully be delegated to any board or committee. Smithberger v. Banning,129 Neb. 651, 262 N.W. 492 (1935). Moreover, the Legislature may not delegate to private individuals either legislative or judicial functions. Nickel v. School Board of Axtell,157 Neb. 813, 61 N.W.2d 566 (1954). While the Legislature may not delegate its legislative authority to an administrative or executive agency, it does have power to authorize an administrative or executive agency to make rules and regulations to carry out an express legislative purpose or for the complete operation and enforcement of a law within designated limitations. In such proper grants of power to an administrative agency, the authority must be administered in accordance with adequate standards proscribed in the legislative act. School District No. 39 of Washington County v.Decker, 159 Neb. 693, 68 N.W.2d 354 (1955); GilletteDairy, Inc. v. Nebraska Dairy Products Board, 192 Neb. 89,219 N.W.2d 214 (1974).
In the initial portion of the changes outlined in your proposed bill, the State Racing Commission is authorized to delegate the Commission's powers and duties with respect to establishing and maintaining a Nebraska Thoroughbred Registry to certain organizations. If the Commission's powers and duties regarding the Thoroughbred Registry are considered to be legislative functions, it appears to be constitutionally questionable under the cases cited above as to whether those powers can be delegated to a private organization. More importantly, it appears to us that the provisions of the proposed bill could be construed in such a way as to allow the private organization maintaining the Nebraska Thoroughbred Registry to set registration fees based upon its costs. Setting registration fees appears more definitively to be a legislative function, and while the State Racing Commission may well be able to set such fees given adequate legislative guidelines, it does not appear constitutionally permissible for that authority to be delegated to a private organization. In this regard, we also note that the guidelines for setting registration fees contained in the proposed legislation could be inadequate to avoid an unconstitutional delegation of legislative authority.
In summary, we have noted several problems with the draft of the proposed legislation all involving questions regarding the constitutionality of the delegation of legislative authority. Should you have any questions regarding our analysis or should you wish us to review further drafts of proposed legislation regarding this problem, we would be most happy to review those matters at that time.
Sincerely yours, PAUL L. DOUGLAS Attorney General Dale A. Comer Assistant Attorney General